IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MRYTLE SHOBE, the Legal Power of attorney, Guardian, and Next Friend of Calvin Lee Shobe, with and for injured Person Calvin Lee Shobe, | ) ) ) ) ) ) | |
| Petitioners, | ) ) | |
| vs. | ) ) | Case No. CIV-16-1214-D |
| THOMAS SCARANTINO, Warden, FCI El Reno; TULSA OKLAHOMA FEDERAL DISTRICT COURT; UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Calvin Shobe (Petitioner), a federal inmate confined in this judicial district, and Mrytle Shobe, as Petitioner's "Next Friend," filed this action under 28 U.S.C. § 2241 to challenge the validity of Petitioner's conviction and sentence entered in the United States District Court for the Northern District of Oklahoma. Doc. 1.[1] United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Doc. 8.

---

[1] This report cites court filings by their electronic case filing designation and pagination. There are alterations to Petitioner's uniform use of the uppercase; otherwise, unless indicated, quotations are verbatim.

Having carefully considered the pleadings and papers filed in this matter, along with the records in *United States v. Shobe*, Case No. 11-CR-0149-CVE (N.D. Okla. Aug. 4, 2011 – May 24, 2016),[2] the undersigned recommends the dismissal without prejudice of Petitioner's action for lack of jurisdiction.

## I. Background.

### A. Petitioner's conviction, sentence, and previous challenges.

Though lengthy, the following summary—excerpted from United States District Judge Claire V. Eagan's Amended Opinion and Order denying Petitioner's 28 U.S.C. § 2255 motion to vacate his sentence—bears on the two jurisdictional issues implicated by Petitioner's pleadings:

> [A] criminal complaint . . . charg[ed others] and [Petitioner] with aiding and abetting each other to commit the crime of bank robbery by means of force or violence in violation of 18 U.S.C. § 2113(a) and (d). The complaint alleged that [Defendants] robbed Arvest Bank on August 2, 2011 with the use of a dangerous weapon. . . . [A] magistrate judge appointed Fred Randolph Lynn to represent [Petitioner]. . . .
>
> Lynn filed a motion for competency determination as to [Petitioner], because he observed troubling behavior by [Petitioner] and [Petitioner] was having difficulty engaging in conversations with Lynn. He claimed that [Petitioner] possessed the cognitive abilities of a third grader and was placed in

---

[2] *See* Fed. R. Evid. 201; *see also United States v. Pursley,* 577 F.3d 1204, 1214 n.6 (10th Cir. 2009) (noting court's "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters bearing directly upon the disposition of the case at hand") (internal quotation marks omitted).

learning disability classes in school. Lynn also stated that [Petitioner] was receiving Social Security disability benefits due to a mental disability and that [Petitioner] may not have understood the difference between right and wrong at the time of the robbery. [Petitioner] was referred to the Bureau of Prisons for a competency examination, and the Court reset the jury trial . . . . [Petitioner's] competency evaluation could not be completed in time . . . and the trial was continued . . . .

. . . . [A] grand jury returned a superseding indictment charging . . . [Petitioner] . . . with additional charges related to a bank robbery that occurred on July 7, 2011 . . . .

The Court received [Petitioner's] competency evaluation . . . . The examiner concluded that [Petitioner] was malingering and feigning mental illness in an attempt to obtain a more favorable result in his criminal proceedings. The examiner noted that it would be possible for a person with a legitimate mental illness to engage in malingering by exaggerating his symptoms, but the examiner found no evidence that [Petitioner] had any type of legitimate mental illness . . . . The evaluation stated that [Petitioner] was competent to stand to trial and there was anecdotal evidence suggesting that [Petitioner] had previously feigned incompetence to avoid criminal consequences for his actions. In a separate report, the examiner found that [Petitioner] was not experiencing symptoms of a mental disease or defect near the time when the offenses were allegedly committed, and [Petitioner] was able to understand the "nature and quality, or wrongfulness of his alleged behavior at the time of the instant offense." The Court accepted the competency evaluation and found that [Petitioner] was competent to stand trial.

. . . Six days before trial, [Petitioner] retained a new attorney, Neal Kirkpatrick, to represent him, and Kirkpatrick filed a motion to continue the jury trial. Lynn filed a motion to withdraw as defense counsel. The Court denied both motions. [Petitioner] was not automatically entitled to a continuance simply because he retained new counsel shortly before trial, and the Court found that the case was not particularly complex and

Kirkpatrick could get up to speed relatively quickly with help from Lynn.

> . . . . [T]he jury found [Petitioner] guilty on all counts . . . .
>
> . . . .
>
> Before [Petitioner's] sentencing hearing, Kirkpatrick filed a motion for variance requesting a sentence below the advisory guideline range. . . . [Petitioner] called his mother, Myrtle Shobe, to testify, and she explained that [Petitioner] was receiving Social Security disability benefits and that he had difficulty in school . . . .
>
> [Petitioner] filed a direct appeal to the Tenth Circuit Court of Appeals and Lynn represented [Petitioner] on appeal. [Petitioner] argued that his sentence was substantively unreasonable due a disparity between his sentence and the sentences received by his co-defendants, and he claimed that the plea agreement he was offered by the government was not as favorable as the offers made to his co-defendants. He also argued that the Court failed to take into account that many of his prior convictions were relatively minor. On January 30, 2013, the Tenth Circuit rejected [Petitioner's] arguments and affirmed his sentence. . . . [Petitioner] filed his § 2255 motion . . . on March 14, 2014 . . . .
>
> [Petitioner] assert[d] four grounds for relief in his § 2255 motion: (1) trial counsel failed to object to inadmissible evidence or statements at trial; (2) trial counsel was ineffective for recalling the government's witnesses during [Petitioner's] case-in-chief; (3) trial counsel should have filed objections to the PSR or a sentencing memorandum requesting a departure under the United States Sentencing Guidelines (USSG); and (4) appellate counsel was ineffective for failing to raise the arguments contained in grounds one, two and three on direct appeal . . . .

*United States v. Shobe*, Case No. 11-CR-0149-CVE, Doc. 283, at 1-7 (N.D. Okla. May 15, 2015) (unpublished order) (footnote and internal citations omitted). Judge Eagan denied Petitioner's § 2255 motion. *Id.* at 14.

Next, in April 2016, Petitioner, identifying himself as "movant" "with the aid and direction of his Legal Power of Attorney and family members, mother and next friend, with and for injured person Calvin Lee Shobe, and with the aid of inmates at the institution," filed the following in his criminal case:

> "Motion for writ of habeas corpus/vacate sentence pursuant to the United States Supreme Courts rulings in Welch V. United States, (no.156418) (S.CT. April 18, 2016) and Johnson V. United States, 135 S. CT. 2551 (2015) concerning the Armed Career Criminal (ACCA) and career offender guidelines for convictions under 18 U.S.C. 924 and using or carrying a firearm during and in relation to a crime of violence And request for appointment of counsel."

*Id.* Doc. 293, at 1. On May 24, 2016, Judge Eagan, construing the motion as a second or successive § 2255 motion, declined to transfer it to the Tenth Circuit and dismissed it for lack of jurisdiction. *Id.* Doc. 294, at 3-4.

### B. Section 2241 petition.

Five months later, Petitioner—confined at the Federal Correctional Institution El Reno—and Next Friend brought this action under 28 U.S.C. § 2241. *Shobe v. Scarantino*, Case No. CIV-16-1214-D, Doc. 1 (W.D. Okla. Oct. 20, 2016). They challenge the validity of Petitioner's conviction and sentence on grounds of ineffective assistance of counsel, actual innocence, and

5

prosecutorial misconduct, *id.* at 6, 7, 8, and ask this Court to "overturn the unlawful conviction and properly sentence movant for crime he is actually guilty of committing . . . ." *Id.* at 8. They acknowledge but also deny that a motion under § 2255 has already been filed, explaining that "[c]ounsel has not properly litigated this cause as has been requested." *Id.* at 4. The § 2255 motion, they say, raised "[i]neffective assistance of counsel and other issues" and was "[i]gnored and denied." *Id.* When prompted in the form petition to "[e]xplain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence," they state that "28 USC § 2241 is the . . . great Writ used for extrodinary circumstances such as this case." *Id.* at 5.

Petitioner and Next Friend also filed a supporting brief, Doc. 2; a motion to proceed in forma pauperis, Doc. 3; a motion requesting this Court to "recuse and disqualify" various individuals, including Judge Eagan, Doc. 4; a Motion to Proceed as Next Friend of Injured Person Calvin Shobe, Doc. 5; and, a Motion Requesting Fingerprint and DNA Testing of Firearm with the Appointment of Expert Witnesses to Testify at Evidentiary Hearing, Doc. 6.

II. Analysis.

   A.   "Next Friend."

Title 28 U.S.C. § 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose

6

relief it is intended or by someone acting in his behalf." Petitioner's mother seeks to act as Next Friend "with & for injured person Calvin Lee Shobe." Doc. 1, at 1; Doc. 5. She contends Petitioner "is mentally handicap and does require the legal aid of his family members to proceed" in this matter. Doc. 5, at 1. Next Friend acknowledges she "must set forth some reason or explanation for the necessity of having to use a Next Friend" and that "the Next friend must be truly dedicated to the best interest of the person on whose behalf he/she seeks to litigate." *Id.* To support her motion, she submits a letter from the Social Security Administration dated August 11, 2011, stating that Petitioner's "primary disability diagnosis is mental retardation." *Id.* Att. 1. Next Friend also submitted Petitioner's May 18, 2016, General Power of Attorney, appointing Next Friend as his "attorney-in-fact." *Id.* Att. 2. Notably, Petitioner acknowledged that he was "of sound mind" as of that date. *Id.*

"Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "The burden is on the "next friend" clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id.* at 164.

Next Friend, who seeks to appear "with & for" Petitioner, Doc. 1, at 1, fails to sustain her burden of proof. "A next friend may not file a petition for a writ of habeas corpus on behalf of a [prisoner] if the [prisoner] himself could file the petition." *Williams v. Boone*, No. 98-6357, 1999 WL 34856, at *5 (10th Cir. Jan 28, 1999) (unpublished op.). "Consequently, a next friend applicant must explain why the [prisoner] did not sign and verify the petition, and if [s]he cannot do so, the court is without jurisdiction to consider the petition." *Id.* (internal quotation marks omitted). Here, however, Petitioner "himself signed, and thereby verified, the pleadings [and] the requisite showing for a need for a 'next friend' is lacking." *Id*; *see* Doc. 1, at 9. And, in any event, Next Friend's evidence of Petitioner's mental retardation as of August 11, 2011 did not withstand the scrutiny of a federal competency evaluation, *see supra* § I.A., and Petitioner declared himself to be of sound mind as of May 18, 2016. Doc. 5, Att. 2. In sum, Next Friend does not qualify for that status.

B. **Savings clause.**

"A petition brought under § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to

8

attack the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (brackets and internal quotation marks omitted).

Petitioner is admittedly challenging his conviction's validity, Doc. 1, at 2, so § 2241 gives him an avenue for relief only "under the limited circumstances provided in the so-called 'savings clause' of § 2255." *Brace*, 634 F.3d at 1169. Under that clause—§ 2255(e)—it may be appropriate to challenge his conviction's legality through a § 2241 petition "if the remedy by § 2255 motion is inadequate or ineffective . . . ." *Id.* (brackets and internal quotation marks omitted). "However, [a] § 2255 [motion] will rarely be an inadequate or ineffective remedy to challenge a conviction." *Id.* "A remedy is available under § 2241 only if a claim procedurally could not have been raised at all via § 2255, such as when the original sentencing court has been dissolved or is unresponsive." *Boyce v. Berkebile*, 590 F. App'x 825, 826 (10th Cir. 2015).

The "measure" of § 2255's adequacy and effectiveness "is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). "If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* "[T]he clause is concerned with process— ensuring the petitioner an *opportunity* to bring his argument—not with

9

substance— guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id*.

"[P]etitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Brace*, 634 F.3d at 1169. When directed to explain why this is true in his case, Petitioner recited only that "28 USC § 2241 is the . . . great Writ used for extrodinary circumstances such as this case." Doc. 1, at 5. Petitioner fails to establish—and the record, *see supra* § I.A., refutes—that he lacked the opportunity to raise: "ineffective assistance of counsel/actual innocence to charges," Doc. 1, at 6; "movant is actually and factually innocent[3] of all charges but was convicted due to counsel's failures and prosecutional misconduct," *id.*; "[i]neffective assistance of counsel," *id.* at 8; and "counsel refused to obey clients requests to perform investigation and testing of evidenceproving actual innocence [and c]ounsel refused to challenge governments case and conduct palcing case to the adversial testing process proving actual innocence." *Id.*[4]

---

[3]    Petitioner "had the opportunity to urge actual innocence when he sought relief under § 2255 [and t]he Constitution does not entitle him to a second opportunity to convince the court of his actual innocence." *Mooney v. Dunham*, No. 16-1302, 2016 WL 6892141 (10th Cir. Nov. 23, 2016) (unpublished op.) (citing *Hale v. Fox*, 829 F.3d 1162, 1171-72 (10th Cir. 2016), *petition for cert. filed* (U.S. Oct. 21, 2016) (No. 16-6511)).

[4]    In his brief, Petitioner maintains his § 2255 "[c]ounsel was specifically requested to challenge the issues which were wrongly and unlawfully charged in the superceding indictment, Armed Bank Robbery under 2113 (a) and (d),

10

"[T]he savings clause is satisfied so long as a petitioner could[ ha]ve raised his argument[s] in an initial § 2255 motion . . . ." *Prost*, 636 F.3d at 588. "[I]t is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative." *Id.* at 589. Petitioner "fail[ed] to establish that he has satisfied § 2255(e)'s savings clause test—thus, precluding him from proceeding under § 2241—[and] the court lacks statutory jurisdiction to hear his habeas claims." *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

## III. Recommendation and notice of right to object.

Petitioner fails to demonstrate that the remedy under § 2255 was inadequate to test the validity of his conviction and sentence, and the undersigned recommends the dismissal without prejudice of Petitioner's action for lack of jurisdiction. Doc. 1. The undersigned further recommends

---

Brandishing a Weapon, and Felon in Possession of a Firearm." Doc. 2, at 6. He claims "[c]ounsel ignored the issues and failed to properly present them to the Court and . . . the Court denied the petition due to counsel's failure to list and challenge the charges." *Id.* He further contends "[c]ounsel also failed to file and request a 'Certificate of Appealability' as was requested and abandoned the appeal process." *Id.* Petitioner, however, does not seek relief from this Court on the grounds his counsel *did* raise and the trial court denied. *See supra* § I.A.; Doc. 1. And, notably, while the record establishes that Petitioner subsequently sought other relief through an improperly filed second or successive § 2255 motion, it does not reflect any attempt by Petitioner to appeal out of time or to seek any form of relief from the judgment denying his § 2255 motion. *Supra* § I.A.

11

the denial of the Motion to Proceed as Next Friend of Injured Person Calvin Shobe. Doc. 5. If the court adopts the undersigned's recommendation to dismiss this action, Petitioner's remaining motions, Docs. 3, 4, and 6, are mooted.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 28, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned instructs the Clerk of Court to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 8th day of December, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE